# IN THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

BOGUSLAW KIEPEK and  )
ARLENE KIEPEK,  )
    PLAINTIFFS,  )
                      )   CASE NO. B7LA0133
vs.               )   JURY REQUESTED
                      )
MICHAEL KALEBIC and WATKINS &  )
SHEPARD TRUCKING INC.,  )
    DEFENDANTS.  )

2017 SEP 5 A 9:29
FILED AC CIRCUIT COURT

## COMPLAINT

PLAINTIFFS, BOGUSLAW KIEPEK AND ARLENE KIEPEK, through counsel, for their cause of action against defendants, Michael Kalebic and Watkins & Shepard Trucking Inc., avers unto this Honorable Court as follows:

### JURISDICTION and VENUE

1. That plaintiff Boguslaw Kiepek is a citizen and resident of San Bernadino, Apple Valley, California.

2. That plaintiff Arlene Kiepek is a citizen and resident of San Bernadino, Apple Valley, California.

3. That defendant Michael Kalebic (hereinafter defendant Michael) is a citizen and resident of Las Vegas, Nevada, residing at 2805 Kings Way, Las Vegas, Nevada 89102.

4. The defendant Michael Kalebic, is an agent and employee of Watkins & Shepard Trucking Inc., whose primary job was to operate/drive a commerical vehicle at the time of the motor vehicle accident at issue.

1

EXHIBIT A

5. The defendant Watkins & Shepard Trucking, Inc. (hereinafter defendant Watkins & Shepard Trucking) corporation, organized and operating under the laws of the State of Montana, is the businesss of commercial trucking and shipping, with its principal place of business being 3101 S. Packerland Drive, Green Bay, Wisconsin 54313. Defendant Watkins & Shepard Trucking Inc. can be served through its agent for service of process: C T Corporation System, 3011 American Way, Missoula, Montana, 59808.

6. That these claims for relief arise from a motor vehicular collision which occurred in Anderson County, Tennessee, on 10 September 2016.

## OCCURRENCE GIVING RISE TO ACTION

7. That all times hereto defendant Watkins & Shepard Trucking was the owner of the 2017 Freightliner Vehicle Model TT operated by defendant Michael Kalebic, which struck Plaintiffs's vehicle.

8. That defendant Michael operated said 2017 Freightliner Vehicle Model TT while an employee and/ or agent within the course and scope of his employment with Defendant Watkins & Shepard Trucking at the time of said collision on 10 September 2016.

9. That on or about 10 September 2016, at approximately 11:05 a.m., plaintiff Boguslaw Kiepek was operating his motor vehicle, within the rules of the road, southbound on Interstate 75 in Rocky Top, Anderson County, Tennessee.

10. That on or about 10 September 2016, at approximately 11:05 a.m., plaintiff Arlene Kiepek was a guest passenger in the motor vehicle; within the rules of the road; driven by plaintiff Boguslaw Kiepek southbound on Interstate 75 in Rocky Top, Anderson County, Tennessee.

## ALLEGATIONS OF NEGLIGENCE and NEGLIGENCE PER SE

11. That on said same date at approximately the same time, defendant Michael was driving the Freightliner Vehicle Model TT southbound on Interstate 75 in Rocky Top, Anderson County, Tennessee. Defendant Michael failed to maintain control of the 2017 Freightliner Vehicle Model TT he was operating

2

and violently struck plaintiff Boguslaw Kiepek's vehicle. The impact of said collision caused plaintiff Boguslaw Kiepek's vehicle to be pushed into another vehicle, which came to a rest in the median.

12. That defendant Michael negligently, recklessly and wantonly failed to exercise control of his vehicle in Rocky Top, Anderson County, Tennessee at the same time and place stated above.

13. That the negligent, reckless, wanton and unlawful driving of defendant Michael was a direct and proximate cause of the collision and injuries suffered by plaintiff Boguslaw Kiepek. Defendant Michael was negligent in the operation of his vehicle in the following particulars:

    a. Defendant Michael saw or, by exercise of reasonable care, should have seen the vehicle which plaintiff was operating, but failed and neglected to keep a proper lookout ahead;

    b. Defendant Michael failed to maintain proper control of his vehicle; and

    c. Defendant Michael otherwise failed to use due and reasonable care in the operation of his vehicle, so as to avoid injury to other persons using the roadway.

14. That in addition to the aforementioned acts of negligence, defendant Michael was negligent *per se* in that he:

    a. Defendant Michael followed too closely, in violation of *TCA § 55-8-124;*

    b. Defendant Michael drove his vehicle without due care, in violation of *TCA §55-8-136;* and

    c. Defendant Michael drove his vehicle with such willful, reckless and wanton disregard for the safety of plaintiff Boguslaw Kiepek and others traveling in the vicinity, that said act constituted reckless driving, in violation of *TCA § 55-10-205.*

15. That the negligent, reckless, wanton and unlawful driving of defendant Michael was a direct and proximate cause of the collision and injuries suffered by plaintiff Arlene Kiepek. Defendant Michael was negligent in the operation of his vehicle in the following particulars:

3

a. Defendant Michael saw or, by exercise of reasonable care, should have seen the vehicle which plaintiff was operating, but failed and neglected to keep a proper lookout ahead;

b. Defendant Michael failed to maintain proper control of his vehicle; and

c. Defendant Michael otherwise failed to use due and reasonable care in the operation of his vehicle, so as to avoid injury to other persons using the roadway.

16. That in addition to the aforementioned acts of negligence, defendant Michael was negligent *per se* in that he:

a. Defendant Michael followed too closely, in violation of *TCA § 55-8-124;*

b. Defendant Michael drove his vehicle without due care, in violation of *TCA §55-8-136;* and

d. Defendant Michael drove his vehicle with such willful, reckless and wanton disregard for the safety of plaintiff Arlene Kiepek and others traveling in the vicinity, that said act constituted reckless driving, in violation of *TCA § 55-10-205.*

17. That plaintiff Boguslaw Kiepek suffered numerous serious injuries as a direct and proximate result of the negligent, reckless, wanton and unlawful conduct of defendant Michael, which resulted in the collision. Plaintiff Boguslaw Kiepek has suffered great pain and discomfort as a result of the injuries sustained in the collision. Plaintiff Boguslaw Kiepek has suffered permanent injuries as a result this collision. Plaintiff Boguslaw Kiepek has incurred medical expenses on his own behalf and will continue to incur medical expenses in the future. Plaintiff Boguslaw Kiepek has also incurred property damage as a result of defendant Michael's negligence.

18. That plaintiff Arlene Kiepek suffered numerous serious injuries as a direct and proximate result of the negligent, reckless, wanton and unlawful conduct of defendant Michael, which resulted in the collision. Plaintiff Arlene Kiepek has suffered great pain and discomfort as a result of the injuries sustained in the collision. Plaintiff Arlene Kiepek has suffered permanent injuries as a result this collision. Plaintiff

4

Arlene Kiepek has incurred medical expenses on her own behalf and will continue to incur medical expenses in the future.

## NEGLIGENCE OF WATKINS & SHEPARD TRUCKING INC.
### *RESPONDEAT SUPERIOR*

19. That under the theory of *respondeat superior*, the liability for damages resulting from the negligent acts of an employee may be imputed to the employer if the acts were made in the scope of employment.

20. That the negligence and negligence per se of defendant Michael is imputed to defendant Watkins & Shepard Trucking Inc. by the doctrine of Tennessee's statutory and/ or common law of *respondeat superior*.

21. At all relevant times hereto, Defendant Michael was an employee and/or agent of the Defendant Watkins & Shepard Trucking Inc.

22. Defendant Michael was acting within the course and scope of his employment and/or agency with the Defendant Watkins & Shepard Trucking Inc. at the same time of the events giving rise to this complaint.

23. Defendant Michael was at all times material hereto operating the tractor-trailer owned by defendant Watkins & Shepard Trucking Inc. within the course and scope of his duties as an employee and driver for defendant Watkins & Shepard Trucking Inc. for the benefit of Defendant Watkins & Shepard Trucking Inc., and with the company's knowledge; authority and consent.

24. Pursuant to Tennessee law, defendant Watkins & Shepard Trucking Inc. is responsible for the negligent, negligence per se, reckless, and/or willful and wanton actions or omissions of its employee and/or agent, defendant Michael.

## DAMAGES

25. As a direct and proximate result of defendant Michael's negligence, which is imputed to the Defendant Watkins & Shepard Trucking Inc., Plaintiff Boguslaw Kiepek suffered physical and mental injuries for which the Defendant Watkins & Shepard Trucking Inc. is jointly and severally liable.

26. As a direct and proximate result of defendant Michael's negligence, which is imputed to the Defendant Watkins & Shepard Trucking Inc., Plaintiff Arlene Kiepek suffered physical and mental injuries for which the Defendant Watkins & Shepard Trucking Inc. is jointly and severally liable

27. That based upon the foregoing allegations of this Complaint, plaintiff Boguslaw Kiepek is entitled to recover a judgment against defendant Michael and defendant Watkins & Shepard Trucking Inc., jointly and severally, in the amount of **ONE HUNDRED THOUSAND DOLLARS ($ 100,000.00)**.

28. That based upon the foregoing allegations of this Complaint, plaintiff Arlene Kiepek is entitled to recover a judgment against defendant Michael and defendant Watkins & Shepard Trucking Inc., jointly and severally, in the amount of **TWO HUNDRED THOUSAND DOLLARS ($ 200,000.00)**.

**THEREFORE**, plaintiffs demand the following:

1. That proper process issue and be served on defendants, and that defendants be required to appear and answer this Complaint within the time required by law.

2. That plaintiff Boguslaw Kiepek be awarded a judgment against defendants, jointly and severally, in the amount of **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)**

3. That plaintiff Arlene Kiepek be awarded a judgement against defendants, jointly and severally, in the amount of **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)**

4. That the costs of this action be taxed against defendants.

5. That such further and other general relief to which plaintiffs may be entitled be awarded to them.

6. That a jury be impaneled to hear this cause.

**LAW OFFICES OF G. TURNER HOWARD III**

_____
G. Turner Howard III (BPR# 07111)
P. O. Box 51904    (PID#186340)
5915 Casey Drive
Knoxville, Tennessee 37950-1904
(865) 558-8030
(865) 584-5474 FAX
Attorney for Plaintiff

## COST BOND

I, G. Turner Howard III, hereby acknowledge myself as surety for all costs, taxes and damages in this case in accordance with T. C. A. § 20-12-120.

**LAW OFFICES OF G. TURNER HOWARD III**

_____
G. Turner Howard III (BPR# 07111)
P. O. Box 51904    (PID#186340)
5915 Casey Drive
Knoxville, Tennessee 37950-1904
(865) 558-8030
(865) 584-5474 FAX
Attorney for Plaintiff

7